# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 2000 Session

## STATE OF TENNESSEE v. STEJANA HOLDER

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-A-66, J. Randall Wyatt, Jr., Trial Judge**

---

**No. M1999-02470-CCA-R3-CD - Filed September 8, 2000**

---

The appellant, Stejana S. Holder, was convicted of one count of aggravated assault, one count of resisting arrest, and one count of disorderly conduct. The Davidson County Criminal Court imposed an effective sentence of three years to serve sixty days in the workhouse followed by two years probation. On appeal, the appellant alleges that the trial court erred by denying total probation. Upon review, we find no error and affirm the sentence of the Davidson County Criminal Court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J. and NORMA MCGEE OGLE, J. joined.

Cynthia M. Fort, Nashville, Tennessee (on appeal) and Glenn R. Funk, Nashville, Tennessee (at trial) for the appellant, Stejana Holder.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth T. Ryan, Assistant Attorney General, Victor S. (Torry) Johnson, III, District Attorney General, and Phil Wehby, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Stejana S. Holder, was indicted by the Davidson County Criminal Court on two counts of Class C aggravated assault, one count of resisting arrest, and one count of disorderly conduct. After a bench trial, the trial court found the appellant guilty on all counts.[1] The appellant was subsequently sentenced to three years, suspended, with sixty days to serve in the county workhouse, followed by two years probation on the aggravated assault count. The appellant was also placed on six months probation for resisting arrest and thirty days probation for the disorderly

---

[1] Count I, which charged aggravated assault involving serious bodily injury, and Count II charging aggravated assault by use of a deadly weapon, a vehicle, were merged into Count I by the trial court.

conduct charge.[2] All sentences were to run concurrently. Aggrieved by the trial court's decision, the appellant appeals to this Court asserting that the trial court erred by imposing an excessive sentence. Specifically, she seeks "relief in the form of a sentence of probation or other appropriate sentence alternative to her sixty (60) day sentence to serve". After review, this Court finds that the trial court properly sentenced the appellant. Accordingly, the judgment of the Davidson County Criminal Court is affirmed.

## Background

On June 23, 1998, Eunice Burks, a security officer at Tennessee State University, was checking parking decals in one of the school's parking lots when the appellant, a student at the university, parked in a lot designated for employees. The appellant's vehicle had no parking decal. Burks told the appellant that she could not park in the lot without the appropriate decal and asked her to move her car. The appellant replied, "Well, what are you going to do about it?" and walked off stating, "Give me a ticket." Burks then informed the appellant that her vehicle would be towed if she did not move it. The appellant continued to ignore Burks and went to class.

Burks called for a tow truck. While waiting for the tow truck to arrive, Karen Hodge, a police officer for Tennessee State University, pulled up because she had heard the call and was nearby. Burks explained the situation to Hodge, who said she would run the vehicle's plates to determine the name of the owner. As Burks was writing out a ticket, the appellant reappeared. Hodge asked the appellant for her student identification and driver's license. The appellant stated that she had neither. Hodge informed the appellant that she could not "allow [her] to move [the] vehicle without seeing some proper identification," but the appellant proceeded to get into her car anyway.

Hodge was standing behind the appellant's vehicle, off to one side, calling dispatch to run her tag number. The appellant started the vehicle and Burks yelled, "If you hit her, you're going to jail." The appellant put the car in reverse and hit Hodge, causing her to stumble. The appellant then pulled forward, put the car in reverse again, and hit Hodge the second time, injuring her right knee. Hodge testified that the appellant then "stuck her head out and said that if I didn't move she was going to hit me the third time, because she had somewhere important to go and then she sped off." Hodge got into her patrol car, attempting to chase the appellant, but lost her on the interstate. Hodge then returned to the scene, picked up Burks, and drove to the office to report the incident. Hodge testified that she began feeling a burning sensation and noticed abrasions on her leg. She then went to the Emergency Room.

The next day, Tennessee State University police officers, Carlton Bowen and Jacqueline Bumpas, called the appellant out of class to serve an arrest warrant on her. The appellant became belligerent, cursed at the officers, and refused to let them search her. Because of her physical resistance, the officers handcuffed the appellant. The officers took the appellant to see Dean

---

[2]The appellant was also ordered to undergo anger management counseling.

Lockridge, the Associate Vice President of Student Affairs who handles disciplinary sanctions at the university. The Dean asked the appellant whether she would have the same attitude if it had been a metro police officer in Davidson County that had asked her to move. The appellant replied that she would have reacted in the same manner regardless.

As a result of the accident, Hodge has been diagnosed with Reflex Sympathetic Dystrophy, which is trauma to the nervous system of the leg. She suffers from severe swelling in the leg and has been unable to return to work. Presently, there is no cure for this disorder. At trial, the appellant admitted that she told the officer to move, but denied knowledge of hitting her. The appellant also admitted to writing a letter of apology to Hodge, but stated that she only wrote the letter because the university required her to do so as a condition of graduation and that she was not sorry about the incident.

## I. Length of the Sentence

The appellant contends that the sentence "imposed was excessive" and asks this Court to grant her "relief in the form of a sentence of probation or other appropriate sentence alternative to her sixty (60) day sentence to serve." Upon review, we find the sentence imposed by the trial court to be proper. Therefore, we affirm the judgment of the Davidson County Criminal Court.

The appellant bears the burden of establishing that the sentence imposed by the trial court was erroneous. State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Boggs, 932 S.W.2d 467, 473 (Tenn.Crim.App. 1996); State v. Fletcher, 805 S.W.2d 785, 786 (Tenn.Crim.App. 1991). Appellate review of a sentence is *de novo*, with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d); Ashby, 823 S.W.2d at 169. In determining whether the appellant has carried the burden, this Court must consider the evidence received at the trial and the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offenses, existing mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. Ashby, 823 S.W.2d at 169; Tenn. Code Ann. § 40-35-210.

The appellant is twenty-three years old and is a graduate of Tennessee State University with a degree in mathematics. Her prior criminal history reflects two misdemeanor arrests for assault and drugs. The assault charge was retired following completion of a diversion program. Following her conviction for drug possession, she was granted probation. In the present case, the appellant was convicted of aggravated assault, a class C felony. *See* Tenn. Code Ann. § 39-13-102. Because the appellant was convicted of a class C felony, she is entitled to the presumption that she is a favorable candidate for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6). Accordingly, the trial court imposed a sentence of split confinement, which is listed as a sentencing alternative in Tenn. Code Ann. § 40-35-104(4). Therefore, the trial court properly applied the statutory presumption under Tenn. Code Ann. § 40-35-102(6).

The appellant, in effect, argues that the trial court erred by not sentencing her to full probation. "The determination of whether the appellant is entitled to an alternative sentence and whether the appellant is entitled to full probation are different inquires." State v. Boggs, 932 S.W.2d 467, 477 (Tenn.Crim.App. 1996). Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. State v. Bingham, 910 S.W.2d 448, 455 (Tenn.Crim.App. 1995). Conversely, the defendant has the burden of establishing her suitability for total probation, even if the appellant is entitled to the statutory presumption of alternative sentencing. Id.; Boggs, 932 S.W.2d at 477. To meet the burden of establishing suitability for full probation, the defendant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." Id. at 456.

In determining a defendant's suitability for probation, the sentencing court should consider (1) the nature and circumstances of the conduct involved; (2) the defendant's potential or lack of potential for rehabilitation, including the risk that during the period of probation the defendant will commit another crime; (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense; and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes. Tenn. Code Ann. §§ 40-35-210(b)(4), -103(5), -103(1)(B); *see also* Bingham, 910 S.W.2d at 456.

At sentencing, the appellant offered the testimony of three witnesses. The first witness, Susan Sims, stated that it was out of character for the defendant to be arrogant, but that she did "have an experience where [the appellant] was disrespectful to authority." The second witness, Calvin Peters, described the appellant as a role model, a team player, and never disrespectful, or arrogant. The third witness, Morris Fitzgerald, testified that the appellant was a leader and stated that he had never known her to be disrespectful to authority.

The trial court ultimately concluded that the appellant had shown no remorse for the incident, other than a meager "I'm sorry" during sentencing when she began to realize the severity of the proceedings. While the trial court recognized that the appellant was an intelligent young lady with a bright future and commended the witnesses who testified on her behalf, the court indicated that the appellant had never accepted responsibility for her actions and stated, "she still thinks that what the officer did is what caused the problem, not her arrogance or disrespect or whatever it was for them." The trial judge further stated that he felt the appellant "should serve a short period of time in jail where [she could] reflect on exactly what [she] did." Lastly, the trial court concluded that the period of jail-time would serve as a deterrence to similar behavior by the appellant in the future.

Upon review, we find the trial court properly imposed a sentence of split confinement. "The potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn.Crim.App. 1994). The record makes obvious the lack of remorse on the part of the appellant. It is also readily apparent from the record that the appellant has accepted no responsibility for the incidents which occurred. "We have held that a

defendant's credibility and willingness to accept responsibility for the offense are circumstances relevant to determining his rehabilitation potential." Dowdy, 894 S.W.2d at 306; *see also* State v. Anderson, 857 S.W.2d 571, 574 (Tenn.Crim.App. 1992). Moreover, the injury inflicted upon Hodge is permanent and has left her unable to work or care for her two children. It is clear from the record before us that a sentence of full probation would depreciate the seriousness of the crime the appellant committed. The appellant showed a callous indifference towards both the officers issuing the ticket and the officers who served the arrest warrant. Accordingly, the appellant's actions were of an excessive degree and are sufficiently reprehensible to deny full probation.

## CONCLUSION

Upon *de novo* review and in accord with the presumption of correctness, we are unable to conclude that the trial court erred in denying the appellant full probation and sentencing her to split confinement. The appellant did not meet her burden to establish that she was suitable for full probation. Finding the sentencing decision justified, the judgment of the Davidson County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE